IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIM JOE GRAVES | § | |
| | § | |
| VS. | § | NO. 3:16-CV-3288-L |
| | § | NO. 3:05-CR-0082-L (04) |
| UNITED STATES OF AMERICA | § | |
| | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner filed this petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He challenges his conviction for conspiracy to possess with intent to distribute and distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. The district court sentenced him to 216 months in prison. The Fifth Circuit Court of Appeals dismissed Petitioner's direct appeal as frivolous. *United States v. Graves*, 251 Fed. Appx. 945 (5th Cir. 2007).

On July 28, 2008, Petitioner filed his first § 2255 petition. *Graves v. United States*, No. 3:08-CV-1290-L (N.D. Tex.). On March 9, 2009, the district court denied the petition on the merits. On February 1, 2011, the Fifth Circuit vacated the district court's decision and remanded

for resentencing. *United States v. Graves*, No. 09-10398 (5th Cir. Feb. 1, 2011). On July 6, 2011, the district court resentenced Petitioner to 216 months in prison. On June 15, 2012, the Fifth Circuit affirmed. *United States v. Graves*, No. 11-10665 (5th Cir. Jun. 15, 2012).

On November 21, 2016, Petitioner filed the instant § 2255 petition. He argues his guideline enhancement as a career offender is unlawful under the recent Supreme Court decisions in *Descamps v. United States,* 133 S.Ct. 2276, 2281 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Fifth Circuit's opinion in *United States v. Hinkle*, No. 15-10067 (5th Cir. Aug. 11, 2016).

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition. Petitioner must obtain such an order before another motion for post-conviction relief is filed.

III.

For the foregoing reasons, the Court recommends that the petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be TRANSFERRED to the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 29th day of November, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).