IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIM JOE GRAVES | § | |
| | § | |
| v. | § | No. 3:16-CV-3288-L (BT) |
| | § | No. 3:05-CR-0082-L (BT) (04) |
| UNITED STATES OF AMERICA | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Kim Joe Graves, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The district court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the magistrate judge recommends that the motion be dismissed as barred by the statute of limitations, or alternatively, that the motion be denied.

I.

On October 31, 2005, Movant pleaded guilty to conspiracy to possess with intent to distribute and distribution of 50 grams or more of a controlled substance. The district court calculated Movant's sentencing guideline range using the career offender provision under USSG § 4B1.1 because of his prior Texas convictions for aggravated robbery and delivery of a controlled substance. (PSR ¶¶ 36, 42, 44.)  Movant's advisory guideline range was 262 to 327 months. On February 13, 2006, the district court sentenced Movant to 216 months in prison.

1

On direct appeal, Movant's counsel filed an *Anders* brief, and on October 25, 2007, the Fifth Circuit Court of Appeals affirmed Movant's conviction and sentence. *United States v. Graves*, 251 F. App'x 945 (5th Cir. 2007). While Movant's appeal was pending, the Fifth Circuit issued its decision in *United States v. Gonzales*, 484 F.3d 712 (5th Cir. 2007), which potentially affected the characterization of Movant's Texas delivery conviction as a "controlled substance offense" under USSG § 4B1.1, but defense counsel did not raise this claim.

On July 14, 2008, Movant filed a § 2255 motion. *Graves v. United States*, Nos. 3:08-cv-1290-L, 3:05-cr-082-L. The district court denied the motion, and Movant appealed. The Fifth Circuit found that Movant received ineffective assistance of counsel on direct appeal because counsel should have raised the *Gonzales* issue, and remanded for resentencing. *United States v. Graves*, 409 F. App'x 780 (5th Cir. 2011).

On resentencing, the district court determined that Movant's Texas delivery conviction was a controlled substance offense under USSG § 4B1.1 and again applied the career offender enhancement. The court sentenced Movant to the same sentence of 216 months in prison. On June 15, 2012, the Fifth Circuit affirmed. *United States v. Graves*, 479 F. App'x 564 (5th Cir. 2012).

On November 15, 2016, Movant filed the instant § 2255 motion. He argues that, under the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Fifth Circuit's decisions in *United States v. Hinkle*, 832 F.3d

2

569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), his prior Texas delivery conviction does not qualify as a "controlled substance offense," which makes his enhancement under the career-offender guideline unlawful, and requires his resentencing.

On May 13, 2017, the government filed its answer arguing the motion is time-barred and, alternatively, without merit. On May 30, 2017, Movant filed a reply. The issues have been fully briefed, and the motion is ripe for determination.

II.

1.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been

>> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). In this case, the Fifth Circuit affirmed the sentence imposed on Movant at resentencing on June 15, 2012. Movant did not file a petition for writ of certiorari. His conviction therefore became final ninety days later, on September 13, 2012. *See* Sup. Ct. R. 13. Movant then had one year, or until September 13, 2013, to file his § 2255 motion. He did not file his motion until November 21, 2016. His motion is therefore untimely under § 2255(f)(1).

Movant relies on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Fifth Circuit's decisions in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), to argue his motion is timely under § 2255(f)(3). This section states the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

4

In *Mathis*, the Supreme Court held, *inter alia*, that for purposes of determining whether a prior offense qualifies as a predicate under the Armed Career Criminal Act, the court looks at the statutory elements of the offense, rather than the means of committing the offense.  Applying the reasoning in *Mathis*, the Fifth Circuit determined that the Texas delivery statute does not qualify as a controlled substance offense under the career offender guidelines. *See United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017); *see also United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 436 (2017) ("This court recently held that Texas possession with intent to deliver a controlled substance does not qualify as a controlled substance offense under the Guidelines. Based on *Tanksley*, the Government concedes error in calculation of the Guidelines range.") (citation omitted).

The *Mathis* decision, however, did not announce a new rule of constitutional law that has been made retroactive to cases on collateral review. Instead, the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule, and that its decision was dictated by decades of prior precedent.  *Mathis*, 136 S. Ct. at 2257; *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because *Mathis* did not set forth a new rule of constitutional law

5

that has been made retroactive to cases on collateral review). Movant has therefore failed to show that his motion is timely under § 2255(f)(3).

2.   Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  Movant bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Movant has failed to establish that he was misled by the government or prevented in some extraordinary way from asserting his rights. Movant appears to argue that he was prevented from asserting his rights because, although he challenged his sentence enhancement in the district court and on direct appeal, the claim was erroneously denied. Although *Mathis*, *Hinkle*, and *Tanksley* may have clarified that it was error for the court to apply the § 4B1.1

6

enhancement to Movant's sentence, it is settled law that *Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review. Moreover, in *Hinkle* and *Tanksley*, the Court of Appeals applied *Mathis* in the context of direct appeals; those decisions offer no guidance in the context of an untimely habeas request. And, neither of those decisions announced a new rule of law or constitute retroactively applicable Supreme Court decisions. Therefore, Movant has failed to establish that he is entitled to equitable tolling. *See, e.g., Fisher v. United States*, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017) (rejecting argument that § 2255 motion challenging sentencing enhancement based on Texas delivery conviction is timely because it relies on decisions in *Mathis*, *Hinkle*, and *Tanksley*), *rec. adopted*, 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017); *Jones v. United States*, 2017 WL 2365255, at *3 (W.D. Tex. May 30, 2017) (same).

Additionally, as discussed below, the motion is without merit.

3.   Claims Raised on Direct Appeal

Movant's claims challenging the enhancement of his sentence were denied on direct appeal. Claims that are raised and rejected on direct appeal cannot be raised under § 2255. *United States v. Fields*, 761 F.3d 443, 466 (5th Cir. 2014) (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)).

The Court is not entirely unsympathetic to Petitioner's claim. Although the government argues that misapplication of the sentencing guidelines is not

cognizable under § 2255, the Fifth Circuit's decisions finding that sentencing guidelines claims are not cognizable under § 2255 have generally found the movant could have raised his guidelines claim on direct appeal but failed to do so. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (failed to raise claim on direct appeal); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994) (same); *United States v. Seglar*, 37 F.3d 1131, 1134 (5th Cir. 1994) (same); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (same); *United States v. Lopez*, 923 F.2d 47, 50-51 (5th Cir. 1991) (failed to raise claim in district court). Here, Movant raised his guidelines claim with the district court and on direct appeal, but it was erroneously denied.

Further, although Movant's sentence of 216 months was below the statutory maximum of life in prison and within the advisory guideline range of 188 to 235 months that would have applied to Movant without the career offender provision, the district court noted Movant's career offender status in the Statement of Reasons, and during the sentencing hearing. (*See* ECF Nos. 221 at 3 and 127 at 40, 42, 48, 53.)

The Court, however, finds it cannot recommend that the district court grant a certificate of appealability ("COA") because a COA requires that a Movant make "a substantial showing of the denial of a constitutional right."

8

28 U.S.C. § 2253(B)(2). Here, Movant does not raise a constitutional right, but alleges a misapplication of the sentencing guidelines.[1]

### III.

For the foregoing reasons, the § 2255 motion be dismissed as barred by the statute of limitations, or alternatively, that the motion be denied.

Signed December 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] The Court notes that the Fourth Circuit recently addressed a similar issue in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), and found that 28 U.S.C. § 2241 was the proper vehicle for challenging an improper sentence enhancement.